UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| STACEY STILES, | ) ) | 3:14-CR-113-KAC-JEM |
| Defendant, | ) ) | |
| and | ) ) | |
| SKYBOXSPORTS BAR AND GRILL, | ) ) | |
| Garnishee. | ) | |

## **ORDER FOR SUPPLEMENTAL BRIEFING**

This action is before the Court on Defendant Stacey Stiles's "Motion for Hearing Regarding Writ of Garnishment" [Doc. 34] and Plaintiff the United States's "Motion to Dismiss Hearing Requested by Defendant" [Doc. 35].

On March 24, 2025, the Court issued a Writ of Continuing Garnishment related to Defendant's failure to fully pay the criminal judgment for restitution against her [Doc. 31]. The Writ seeks to garnish Defendant's property held by Garnishee Skybox Spots Bar and Grill to recover $17,281.67 in unpaid restitution [*Id.*]. The record indicates that Defendant was personally served with Notice of the Writ on April 9, 2025 [Doc. 33].

Under 28 U.S.C. § 3202(d), a judgment debtor like Defendant must request a hearing within twenty (20) days of receiving notice of the Writ. *See* 28 U.S.C. § 3202(d). The Notice served on Defendant warned Defendant of this deadline: "if you want a hearing, you must notify the court

within twenty (20) days after receipt of the notice. You request must be in writing" [Doc. 31 at 5]. On May 30, 2025, Defendant requested a hearing [Doc. 34].

Thereafter, on June 3, 2025, the United States filed a motion to dismiss Defendant's request, asserting that Defendant had not raised a dispute regarding any one of the three (3) issues that the Court may address at a garnishment hearing under Section 3202(d) [*See* Doc. 35 at 2-4]. The United States did not address the timeliness of Defendant's request for a hearing [*See* Doc. 35]. In certain circumstances, party may forfeit a timeliness defense by failing to raise it. *See Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004); *Day v. McDonough*, 547 U.S. 198, 202 (2006).

Making matters more complicated, on June 17, 2025, Garnishee filed an unsigned Answer asserting that it "den[ies] that you [it] hold[s] property subject to this order of garnishment" [*See* Doc. 36 at 4]. Under 28 U.S.C. § 3205(c)(5), the United States had twenty (20) days from the receipt of the Answer to file any objection to it or request a hearing. The United States has not done so.

So, the Court is left in a conundrum. The United States appears to have no objection to Garnishee's assertion that it has no assets of Defendant's subject to the Writ. That would suggest that there is no further live controversy regarding the Writ, which was issued only as to Garnishee. But the United States continues to object to Defendant's assertion that the United States cannot garnish her property in the way requested in the Writ [*See* Doc. 35]. That issue would seem to be moot if there is no property of Defendant's to garnish pursuant to the Writ.

The Court would benefit from supplemental briefing on these issues. Accordingly, the Parties **SHALL** each file a supplemental brief by **October 14, 2025**. Any brief **SHALL** address: (1) whether Defendant timely filed a request for a hearing, and (2) if not, did the United States forfeit any objection to the timeliness of her request, and (3) does any live controversy exist

2

Case 3:14-cr-00113-KAC-JEM    Document 37    Filed 10/06/25    Page 2 of 3    PageID #: 273

regarding the Writ where the United States did not timely object to Garnishee's Answer, asserting that it has no property subject to the Writ. **No supplemental brief may exceed five (5) pages**, excluding any affidavit.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge